IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VENVER, S.A. and ) | |
| AMERICAS COIL TUBING, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-20-647-SLP |
| ) | |
| ASTEC INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The Court previously ordered Plaintiffs to show cause why this action should not be dismissed as duplicative of another action pending in this judicial district, *Venver S.A. et. al., v. GEFCO, Inc.,* Case No. CIV-18-790-SLP (the *GEFCO* Action). *See* Order [Doc. No. 61]. Plaintiffs have responded to the Court's Order and Defendant has replied. *See* [Doc. Nos. 62 and 64].

Plaintiffs wholly failed to address the issue as directed by the Court. Therefore, the Court deems Plaintiffs to have confessed that this action is duplicative.

Instead, Plaintiffs claim this Court should consolidate this action with the *GEFCO* Action. The Court declines to do so. Plaintiffs have made clear that this action and the *GEFCO* Action "aris[e] out of the same transactions and events" and that they "assert the same claims against Astec Industries, Inc." in the two actions. *See GEFCO* Action, Pls.' Notice of Related Case [Doc. No. 129]. Indeed, Plaintiffs bring identical claims in this action, but for one additional claim under the Uniform Fraudulent Transfer Act (UFTA). *See* Am. Compl. [Doc. No. 23], ¶ 148. As Defendant notes, even that claim arises from

the same operative facts.  *See* Def.'s Reply at 4, n. 5.  And Plaintiffs have had ample opportunity to raise that claim in the *GEFCO* Action, but failed to do so.[1]

In its Reply, Defendant argues that Plaintiffs' failure to address the issue as directed by the Court in its show cause order is grounds alone upon which to dismiss this action.  Defendant further argues this action is duplicative.  And Defendant contends that pursuing claims in this action amounts to impermissible claim-splitting.  *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.").

"District courts have discretion to control their dockets by dismissing duplicative cases."  *Id*.; *see also Rosiere v. United States*, 650 F. App'x 593, 595 (10th Cir. 2016) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources" and may dismiss duplicative actions). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation.  *Curtis v. Citibank, N.A*., 226 F.3d 133, 138 (2d Cir. 2000) (cleaned up; cited with approval in *Katz*).  Dismissal of the second suit is a "common

---

[1] Plaintiffs further argue that this action should not be dismissed to protect against any claim that the filing of the Third Amended Complaint in the *GEFCO* Action is untimely.  *See* Pls.' Resp. at 2.  To this end, Plaintiffs contend if the controlling date is the date the Third Amended Complaint was filed and not the date the motion for leave to amend was filed, their claims against Defendant could be barred as untimely.  But Plaintiffs acknowledge that "[m]any courts (including this one) have held that the pertinent date is the date the motion to amend was filed (if the filing date does not otherwise relate back to the original case filing date)."  *Id*. (citing *Meason v. Seely*, No. CIV-21-50-F, 2021 WL 2006015 at *1 (W.D. Okla. May 19, 2021)).  And Plaintiffs further state that they "are not aware of any courts that have ruled otherwise, but they have found no binding precedent on the issue."  *Id*.  Without any authority to support Plaintiffs' argument, Plaintiffs have failed to demonstrate that this action should be consolidated rather than dismissed.

disposition" because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Id*. at 138-39.

Here, it is clear that the two actions involve the same parties and the same claims, arising from the same operative facts. Plaintiffs do not argue to the contrary but expressly concede the same. The Court finds, therefore, that dismissal of this action as duplicative is warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED as duplicative of *Venver S.A. et. al., v. GEFCO, Inc.,* Case No. CIV-18-790-SLP (W.D. Okla.).

IT IS SO ORDERED this 6th day of February, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE